UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ELISA GUERRERO, | § § § | |
| *Plaintiff*, | § | |
| v. | § § | CASE NO.: 1:16-cv-00987-LY |
| CREDIT MANAGEMENT, LP and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | § § § § § | |
| *Defendants*. | § | |

**DEFENDANTS CREDIT MANAGEMENT, LP AND TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants Credit Management, LP and Travelers Casualty and Surety Company of America (hereinafter "CMLP," "Travelers," and "Defendants"), and files their Motion for Summary Judgment and would respectfully show unto the Court as follows:

**I.
INTRODUCTION**

1. On August 18, 2016, Plaintiff filed her complaint against CMLP and Travelers alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*. ("TDCA"). Doc. 1. The alleged violations arise out of an alleged dispute letter sent to CMLP, and CMLP not reporting the "dispute" to Experian on Plaintiff's credit report. Doc. 1 at 3. This allegedly lowered Plaintiff's credit score. *Id*.

2. CMLP and Travelers file this Motion for Summary Judgment presenting evidence to this Court that Plaintiff did not, in fact, dispute her debt, did not have any reason to dispute such debt, and suffered no damages as a result of any action or inaction by CMLP or Travelers. Plaintiff's

own testimony establishes these facts and lack of basis for liability. As such, CMLP and Travelers request this Court grant their Motion for Summary Judgment and dismiss all claims against them in their entirety.

## II.
## SUMMARY JUDGMENT STANDARD

3.  A court should grant summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The court must construe the facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

4.  A finding for summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 372. When a defendant moves for summary judgment, it may either (a) submit summary judgment evidence negating the existence of a material element of the plaintiff's claim, or (b) show there is no evidence to support an essential element of the plaintiff's claim. *Celotex*, 477 U.S. at 322–25. "Where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case.'" *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)). Then, the non-movant must introduce specific evidence establishing that there is a genuine issue of material fact—that is, the evidence must be sufficient for a reasonable jury to return a verdict in favor of the non-movant. *Matsushita*, 475 U.S. at 585–86; *Cuadra*, 626 F.3d at

812; *see also* Fed. R. Civ. P. 56(e).

## ARGUMENTS & AUTHORITIES

**A.    Plaintiff does not have standing because she fails to establish a concrete injury-in-fact.**

5.     CMLP respectfully requests this Court to grant CMLP's summary judgment motion due to Plaintiff's lack of standing.  Article III of the U.S. Constitution limits the power of the federal court by limiting the court's power to actual "cases" and "controversies."  U.S. Const. art. III, § 2. Consequently, a party seeking federal jurisdiction *must* establish each element of standing and, at the pleading stage, "must clearly . . . allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

6.     The elements of Article III standing include the requirement that a plaintiff sustain a "personal injury" that actually exists. *Id.* at 1547 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992)).  "*Injury-in-fact is a constitutional requirement*, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Id.* at 1547–48 (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)) (emphasis added). Moreover, "[t]o establish injury-in-fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560 (internal quotation marks omitted)). Both history and the judgment of Congress has made clear that Plaintiff *must* allege more than a mere statutory violation. *See Spokeo*, 136 S. Ct. at 1549.  In order to have an injury-in-fact, Plaintiff *must* show that he has suffered an actual injury. *Id*.

6.     In the present matter, Plaintiff alleges a bare procedural violation that the Supreme Court of the United States specifically sought to eliminate in *Spokeo*.  More specifically, Plaintiff fails

to allege or prove that he has suffered any concrete injury-in-fact. *See generally* Doc. 53; *see also Spokeo*, 136 S. Ct. at 1550. Plaintiff limits his pleadings to two factual allegations that he relies upon in his suit: 1) that CMLP did not report Plaintiff's "dispute" to the credit Experian and 2) CMLP failed to cease collection activity until completing its investigation along with not making a written record of the dispute to the Experian. Doc. 1 at 6. However, Plaintiff gave the following testimony evidencing she has not suffered any actual injury:

> Q: As you sit here today do you allege that Credit Management, LP harmed you in some way?
> A: (Moving head side to side.) No.
> Q: Could you state your answer.
> A: Oh, No.
> Q: Okay. And do you allege that Austin Radiological Association harmed you in some way?
> A: No.
> Q: Do you know who Travelers Casualty and Surety Company of America is?
> A: No.
> Q: Okay. As you sit here today, you don't allege Travelers Casualty and Surety Company of America hurt you, do you?
> A: No.
>
> […]
>
> Q: Are you out any money because of what you believe Credit Management did?
> A: No.
> Q: And Credit Management hasn't caused you any emotional distress, have they?
> A: No.
> Q: Okay. And has Credit Management caused you any mental anguish?
> A: No.

Depo. at 25:14-26:2; 28:12-28:20.

7. Plaintiff's has put forth no evidence that she has suffered a concrete injury-in-fact. Her testimony even establishes she has not suffered any injury.[1] Therefore, because Plaintiff has not

---

[1] Plaintiff even testified she was not aware CMLP made a Rule 68 offer of judgment to her. When reviewing

suffered a concrete injury-in-fact as is required by the U.S. Constitution, Defendants respectfully request that this Court grant its Motion for Summary Judgment in its entirety.

**B.      Plaintiff did not dispute her debt.**

8.      Defendants respectfully requests that this Court grant their summary judgment motion because Plaintiff did not dispute her debt. When questioned about her alleged dispute, Plaintiff gave the following testimony in her deposition:

> Q: Did you ever dispute the amount that you owed to Austin Radiological Center?
> A: Huh-uh.
> Q: Do you think you'd have any reason to dispute the amount owed to them?
> A: No.
> […]
> Q: you stated earlier that you had no reason to dispute the amount of the debt with Austin Radiological Association. Is that correct?
> A: Yes.
> […]
>
> Exhibit A Depo. at 19:11-16; 21:4-7.

Then when shown the "dispute letter", Plaintiff gave the following testimony:

> Q: Now, going down towards the end, you see the line that says, "The consumer disputes this debt"?
> A: Uh-huh.
> Q: Is that false?
> A: No.
> Q: But earlier you stated that you had no reason to dispute the amount that you

---

deposition Exhibit 2 (attached hereto as Exhibit B) she stated the following:
Q: Have you seen [this offer of judgment] before?
A: No.
Q: Are you aware that Credit Management, LP made an offer of judgment in the amount of $1,101 to you and – including reasonable attorney's fees to end this lawsuit?
A: No.
Q: Okay. You're not aware of that?
A: Can you repeat the question, sir?
Q: Are you aware that Credit Management, LP had made an offer of judgment to you in the amount of $1,101, plus reasonable attorneys' fees and costs, to end this lawsuit?
A: No.
Exhibit A at 29:3-17.

owed to Austin Radiological Association.
A: I know. Well, I guess I didn't understand the question. But I know that him and I discussed that we were going to be working on my credit and he was going to be reviewing things for me. So I guess it's not false, like maybe it's not really false because that's what he was supposed to be doing for me.
Q: What would be the basis of the dispute on the debt, then?
A: Well, for me personally, nothing. But for my lawyer, because he knows what to look for, you know, in trying to help me with my credit so…
Q: But you personally have no reason to dispute the debt?
A: Before him reviewing it, no, because I knew I owed the debt but…
Q: So do you have any knowledge of why this letter states you dispute the debt?
A: Besides what I already told you?
Q: Yes.
A: No.
Q: And you don't contest that they performed services for you. Correct?
A: Correct.
Q: And you don't argue that you're the wrong person for the debt. Correct?
A: Correct.
Q: And you're not arguing that they tried to improperly collect the debt in some way, are you?
A: No. For me, no.
Q: Did you ever review that letter before?
A: Huh-uh, no.

Exhibit A at 22:16-24:7). In fact, Plaintiff actually believed her lawsuit was filed alleging something completely different—"maybe what was on the letter was not correct, something about what was on the statement that they sent me… a bill that they sent me. *Id.* at 20:17-19.

9. Plaintiff falsely alleges that she disputed her debt and that CMLP failed to pass that information along to Experian. Doc. 1 at 3. However, the truth is that Plaintiff's attorney sent it without Plaintiff's knowledge of its contents in hopes that it would set them up for a day in court.

10. The idea of disputing the debt was *clearly* never Plaintiff's idea. Thus, it is difficult to see how Plaintiff could rightfully bring any action centered around her "disputed" debt. (Plaintiff testified she thought the lawsuit was brought based on incorrect wording on a statement CMLP sent her. Exhibit A Depo. at 20:12-25). It surely was not the intent of congress to allow attorneys

to bring suits by creating letters without authority from their clients with false statements to fabricate a claim.

11. And, even if this Court finds that Plaintiff disputed her debt, Plaintiff testified there was nothing to dispute since CMLP provided the credit reporting agencies with the correct information. (*See* page 4-5 of this Motion). Therefore, CMLP respectfully requests this Court to grant this motion for summary judgment motion and dismiss Plaintiff's claims.

**C. For the above reasons, Plaintiff's FDCPA § 1692e(8) claims fail as a matter of law.**

12. A collection agency violates FDCPA § 1692e(8) by "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

13. First, Plaintiff has no concrete and particularized injury-in-fact. Her testimony above establishes this. (*See* page 4-5 of this Motion). Plaintiff testified she has not been harmed in anyway, she has no knowledge of any harm to her credit, is not out of pocket any money, *et cetera*. Without a concrete and particularized injury in fact, this Court lacks standing over her FDCPA claims. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 therefore, these claims should be dismissed under *Spokeo*.

14. Further, the testimony above shows repeatedly that Plaintiff had no reason to dispute the debt and did not dispute the debt. Depo. at 19:11-16; 21:4-7. Thus, since Plaintiff never disputed the debt, CMLP did not communicate any false credit information and did not violate the FDCPA. This Court should dismiss Plaintiff's FDCPA claims.

**D.     Plaintiff has No Evidence Supporting Causation and Damages under the FDCPA.**

15. Under the FDCPA a debt collector who violates the statute with respect to an individual is liable to that individual for 1) "any actual damage sustained by such persons as a result of such

failure;" and 2) "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(b)(1). Generally, the FDCPA permits recovery of actual damages for emotional distress. *Davis v. Creditors Interchange Receivable Mgt.*, 585 F.Supp.2d 968, 971 (N.D. Ohio 2008). The FDCPA allows an award of "any actual damages sustained by such person as a result of such failure" to comply with the statute. *Id.* at 971. The Federal Trade Commission describes these "actual damages" to include "damages for personal humiliation, embarrassment, mental anguish, or emotional distress" as well as "out-of-pocket expenses." *Id.* (citing Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50109 (Dec. 3, 1988) (Section 813 – Civil Liability)). Because "debt collection…is an inherently stressful experience for the consumer" "an FDCPA actual damages rule must only award emotional damages for actual, serious emotional distress traceable to proscribed debt collection practices."

16. A plaintiff must do more than "rel[y] solely on his own conclusory statements of emotional distress." *Wantz v. Experian Information Solutions*, 386 F.3d 829, 834 (7th Cir. 2004) (finding plaintiff's testimony" that he was "humiliated and embarrassed," it was "mentally and emotionally distressful when dealing with credit reporting agencies," and that it was "embarrassing to go somewhere and have them check your credit report and see all the stuff on there" was insufficient to prove actual damages). When the "plaintiff's own testimony is his only evidence of emotional damages, 'he must explain the circumstances of his injury in reasonable detail' and not rely on conclusory statements, unless the 'facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's actions." *Wantz*, 386 F.3d at 834; *see Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 609 (7th Cir. 2005) (noting that the Seventh Circuit "maintain[s] a strict standard for a finding of emotional damage because they are so easy to manufacture.").

17. In addition, "a plaintiff must link the violation of the statute to the alleged harm." *Konter v. CSC Credit Services, Inc.*, 606 F.Supp.2d 960, 967-70 (W.D. Wis. 2009). The plaintiff must "produce[] evidence that draws a direct or causal link between defendant's actions and the emotional injury plaintiff suffered." *Id.* at 969; *Cousin v. Trans Union Corp.*, 246 F.3d 359, 370-71 (5th Cir. 2001).

18. As Plaintiff seeks recovery of actual damages, emotional distress, and mental anguish, the following testimony is sufficient evidence to preclude her recovery:

> Q: did that denial of that one credit card cause you any harm?
> A: No.
> Q: Are you out any money because of what you believe Credit Management did?
> A: No.
> Q: And Credit Management hasn't caused you any emotional distress, have they?
> A: No.
> Q: And has Credit management caused you any mental anguish?
> A: No.

<u>Exhibit A</u> at 27:5-8; 2:12-20. In summation, Plaintiff's own testimony establishes she has no actual damages. Plaintiff is not out of pocket any money and has suffered no emotional distress or mental anguish as a result of CMLP. *Id.* Plaintiff's own testimony defeats her claim for actual damages under the FDCPA. *Wantz*, 386 F.3d at 834; *Konter*, 606 F.Supp.2d at 967-70. The lack of any actual damages further disposes of Plaintiff's claim under the TDCA which requires damages for a violation, discussed *supra*. CMLP is entitled to summary judgment on Plaintiff's inability to recover actual damages.

**E. For the above reasons, Plaintiff cannot establish a violation of TDCA §392.301(a)(3), specifically without no damages.**

19. A collection agency violates TDCA §392.301(a)(3) by "representing or threatening to represent to any person other than the consumer that a consumer is refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt

collector of the dispute." Tex. Fin. Code § 392.301(a)(3).

20. To prevail on a claim under the TDCA, Plaintiff must show that he was injured as a result of the defendant's wrongful act. *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 185 (Tex. App.—Austin 1997) (granting summary judgment to a collector when plaintiff "alleges various physical and psychological injuries but does not link them to the actual violations of which he complains."); *see* Tex. Fin. Code § 392.403 ("A person may sue for . . . *actual damages sustained as a result of a violation* of this chapter.") (emphasis added). He must show injuries, be they physical and psychological, that are linked to the conduct that he complains of. *Elston*, 950 S.W.2d at 185. He must show that he "suffered actual damages related to the alleged violations . . ." Plaintiff cannot does this in this case. *Id.*

**F.     For the above reasons, Plaintiff cannot establish a violation of TDCA §392.301(a)(3), specifically without no damages.**

21. A collection agency violates TDCA §392.301(a)(3) by "representing or threatening to represent to any person other than the consumer that a consumer is refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute." Tex. Fin. Code § 392.301(a)(3).

22. To prevail on a claim under the TDCA, Plaintiff must show that he was injured as a result of the defendant's wrongful act. *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 185 (Tex. App.—Austin 1997) (granting summary judgment to a collector when plaintiff "alleges various physical and psychological injuries but does not link them to the actual violations of which he complains."); *see* Tex. Fin. Code § 392.403 ("A person may sue for . . . *actual damages sustained as a result of a violation* of this chapter.") (emphasis added). He must show injuries, be they physical and psychological, that are linked to the conduct that he complains of. *Elston*, 950 S.W.2d

at 185. He must show that he "suffered actual damages related to the alleged violations . . ." Plaintiff cannot does this in this case. *Id.*

23.     As seen in the deposition testimony attached as <u>Exhibit A</u>, Plaintiff cannot prove any harm resulted from any actions by CMLP. She does not know if her credit score was impacted by CMLP, as she has not checked her credit report anytime recently. <u>Exhibit A</u> depo. 12:21–23; 33:1-15. She testified she had three credit accounts with outstanding balances she was not able to pay. *Id.* at 16:2-12. Last, she testified that she has is not out of pocket any money and has suffered no emotional distress or mental anguish as a result of CMLP. <u>Exhibit A</u> at 27:5-8; 2:12-20. Because Plaintiff cannot prove an essential element of his TDCA claim, summary judgment should be granted in Defendants' favor.

**G.     Without a violation under the TDCA, summary judgment should be granted on behalf of Travelers.**

24.     Based on the arguments above, summary judgment should be granted in CMLP's favor. And, if CMLP is dismissed via summary judgment, all claims against Travelers must be dismissed via summary judgment as well. Tex. Fin. Code § 392.102 states "Claim against bond. A person who claims against a bond for a violation of this chapter may maintain an action against the third-party debt collector or credit bureau and against the surety." Tex. Fin. Code § 392.102. If CMLP's Motion for Summary Judgment is granted, Travelers is entitled to summary judgment as well because there is no longer a claim against the "third-party debt collector." *Id.* Therefore, Travelers requests this Court grant its Motion for Summary Judgment.

### III.
### <u>CONCLUSION</u>

25.     Plaintiff's suit is based on an alleged "dispute" when she did not dispute the debt and had no reason to dispute the debt. Furthermore, Plaintiff has suffered no damages of any kind as a

result of any action on nonaction taken by CMLP. Without any damages, Plaintiff lacks a concrete and particularized injury in fact for a claim. *Spokeo*, 136 S. Ct. 1540. Without a valid dispute, Plaintiff lacks a violation of the FDCPA or TDCA. Without any damages, Plaintiff cannot establish a violation of the TDCA. Last, without any TDCA violation, there is no possible claim against Travelers. This Court must grant CMLP and Travelers' Motion for Summary Judgment and dismiss all claims.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Court grant their Motion for Summary Judgment in its entirety, dismiss all claims against them, and grant any other relief accorded to them by law or in equity.

Respectfully submitted,

**MALONE AKERLY MARTIN, PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@rmalonelaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@rmalonelaw.com
MALONE AKERLY MARTIN PLLC
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
P: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANTS***

[CERTIFICATE OF SERVICE ON NEXT PAGE]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been mailed **via CM/ECF** on this 30th day of June, 2017 to the following known Plaintiff's counsel of record to:

Michael Wood
Community Lawyers Group, Ltd.
University Park
3300 N. Interstate Hwy 35, Suite 7018
P. 512-524-9352 | F. 512-593-5976
mwood@communitylawyersgroup.com

Celetha Chatman
73 W Monroe
Chicago, IL 60603
P: 312-757-1880 | F: 312-265-3227
cchatman@communitylawyersgroup.com

Tyler Hickle
Law Office of Tyler Hickle
4005C Banister Lane, Ste. 120C
Austin, TX 78704
P: 512-289-3831 | F: 512-870-9505
tylerhickle@hicklelegal.com

/s/ Xerxes Martin
XERXES MARTIN