# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ELISA GUERRERO, | § | |
| | § | |
| PLAINTIFF, | § | CASE NUMBER: 1:16-cv-00987-LY |
| | § | |
| v. | § | |
| | § | |
| CREDIT MANAGEMENT, LP, and | § | Honorable Lee Yeakel |
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Elisa Guerroro ("Plaintiff"), by and through her attorneys, pursuant to Federal Rule of Civil Procedure 56, submits this Response to Defendants' Motion for Summary Judgment (Docket # 23) ("DMSJ").

### I. INTRODUCTION

There are no genuine issues of material fact that Plaintiff notified Defendant Credit Management, LP ("CMI") that she disputed the alleged debt and the subsequently CMI communicated information regarding the debt to Experian, but failed to disclose that the debt was disputed. This is a direct and material violation of 15 U.S.C. § 1692e(8) ("FDCPA"). Additionally, by not investigating the dispute and ceasing collection activities, Defendant also violated Tex. Fin. Code §§ 392.301 and 329.202 ("TDCA"). *See,* Plaintiff's Motion for Summary Judgment, Docket # 24 ("PMSJ"). Defendants' attempt to escape liability by making three separate arguments, all of which fail.

Defendants initially contend that Plaintiff does not have Article III standing because she has not established a concrete injury-in-fact. (DSMJ, ¶5) The overwhelming weight of case law, including a binding Fifth Circuit ruling, destroy this claim entirely.

Because Defendant CMI's violations are so clear, they further rely on the perplexing argument that "Plaintiff did not in fact dispute her debt" and "did not have any reason to dispute such debt." (DMSJ, ¶2). The former contention is incorrect as a matter of fact, and the latter is irrelevant as a matter of law.

Lastly, Defendants make two separate but related claims regarding "actual damages." Initially, they claim that Plaintiff cannot show or recover actual damages. (DMSJ, pp7-9). Neither the original Complaint nor Plaintiff's Motion for Summary Judgment mention 'actual damages,' so this point is both inexplicable and moot. Defendants next argue that because Plaintiff cannot show actual damages, she cannot recover under the TDCA. (DMSJ, pp9-11) This is simply a misstatement of the law.

## II. ARGUMENT & AUTHORITY

### A. **Plaintiff clearly has Article III standing to bring her FDCPA claims, because the injury she alleges is both particularized and concrete.**

The issue here is whether the FDCPA violations alleged by Plaintiff are sufficient to confer Article III standing, specifically in light of *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). Firstly, Defendants do *not* argue that Plaintiff has failed to establish the alleged injury is 'fairly traceable to challenged conduct of the defendant' or that it is 'likely to be redressed by a favorable judicial decision.' That is, Defendants' standing argument is simply that Plaintiff has not satisfied the injury-in-fact element. According to Defendants Plaintiff does not have standing

because she alleges only a "bare procedural violation that the U.S. Supreme Court specifically sought to eliminate in *Spokeo.*" (DMSJ, ¶6). No case law supports this conclusion.

To demonstrate an injury, the plaintiff must suffer "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation and quotation marks omitted). An injury does not have to be tangible to be concrete. *Spokeo* at 1549. "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury-in-fact." *Id.* The Court specified that the procedural violation must result in some harm. *Id.* at 1550.

In the instant case, Plaintiff alleges that Defendant CMI violated FDCPA § 1692e, which prohibits false and misleading statements by debt collectors; in particular, the text of the statute proscribes "the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Specifically, Plaintiff has shown (and it is undisputed) that Defendant CMI (a debt collector) reported credit information about the debt to Experian, without also communicating that Plaintiff had disputed the underlying debt. Indeed, "[a] debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

The Fifth Circuit recently and unanimously affirmed a District Court's finding that a § 1692e(8) violation satisfied the injury-in-fact element of Article III standing – moreover, that case had a virtually identitcal fact pattern to the instant one. *Sayles v. Advanced Recovery Sys., Inc.,* No. 16-60640, 2017 WL 2872343 (5th Cir. July 6, 2017) ("Here, ARS's…violations exposed Sayles to a real risk of financial harm caused by an inaccurate credit rating.") (Affirming *Sayles v. Advanced Recovery Systems Inc.*, 206 F. Supp. 3d 1210 (S.D. Miss. Aug.

26, 2016). In their opinion, the Appellate Court distinguished the incorrect zip code at issue in *Spokeo* (i.e. an actual bare procedural violation), from the failure to report a dispute to a credit agency because "an inaccurate credit rating creates a substantial risk of harm." *Id. (*quoting *Bowse v. Portfolio Recovery Assocs., LLC,* 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016)). In *Sayles*, just as here, the Plaintiff faxed the defendant-debt collector a letter stating he disputed the debt; just over a month later, he ran his credit report and discovered that ARS had reported information regarding his alleged debts, but failed to disclose that he had disputed them. *Sayles,* 206 F. Supp. 3d at 1211. As the lower court held (and the Fifth Circuit affirmed), this dissemination of false information *itself* was the "very type of injury Congress sought to eradicate…" *Id.* at 1213. Defendants' argument that Plaintiff's testimony somehow shows she was not injured thus misses the entire point of *Spokeo*: that some statutory violations *are themselves* injuries-in-fact.

Following the ruling in *Sayles*, Defendant cannot coherently argue that Plaintiff lacks Article III standing in this case.

**B. Plaintiff Clearly Disputed Her Debt, and her Reasons for Disputing the Debt have no Bearing on Defendants' Violations of the FDCPA.**

Defendants have apparently confused disputing a debt with the reason for disputing a debt. Their first claim is that Plaintiff did not dispute her debt. (DMSJ, ¶8). This is patently false: a letter was sent by Plaintiff's attorney to CMI stating plainly that "the consumer disputes the debt." Defendants do not argue that they did not receive this letter, nor do they claim that they did not understand this to be sufficient notice that Plaintiff disputed her debt. Essentially, Defendants attempt to rely on Plaintiff's testimony to show that she did not "have any reason to dispute the amount owed to them." (DMSJ, ¶8; citing Plaintiff's deposition testimony, p19).

4
Plaintiff's Response to Defendants' Motions for Summary Judgment

This misrepresents Plaintiff's deposition testimony, but more importantly does not speak to the claimed violations of the FDCPA.[1] The FDCPA does not impose any requirement on consumers as to *why* they may dispute a debt, or what constitutes a proper or improper dispute. *See Hudspeth v. Capital Mgmt. Servs., L.P.*, No. 11-CV-03148-PAB-MEH, 2013 WL 674019, at *7 (D. Colo. Feb. 25, 2013) (citing *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 162 (2d Cir. 2001).

In *Hudspeth* the court held, citing *DeSantis*, that "[t]he consumer's right to take the position . . . that the debt is disputed **does not depend on whether the consumer has a valid reason not to pay**. The consumer, for example, may not recognize the name of the creditor, may not know whether she incurred the debt, may have a question whether the debt (or part of it) has been paid, or may be unsure of the amount. . .." *Id.* (Emphasis added). *See also, Hoffman v. Partners in Collections, Inc.,* No. 93 C 4182, 1993 WL 358158, at *4 (N.D. Ill. Sept. 14, 1993) ("There is no requirement that any dispute be "valid" for this statute to apply; only that there be a dispute."); *Carter v. Credit Bureau of Carbon Cty.*, No. 1:14-CV-00873-JLK, 2015 WL 4450698, at *3 (D. Colo. July 20, 2015) (Granting summary judgment on § 1692e(8) claim where the plaintiff had told the debt-collector the debt should have been paid by her insurance and noting that "Plaintiff need not prevail on the merits of her argument that she is not liable for the debt in order for the debt to be disputed within the meaning of Section 1692e(8)"); *Mohamed v. Select Portfolio Servicing, Inc.*, 215 F. Supp. 3d 85, 96 (D.D.C. 2016) ("The FDCPA does not limit that reporting obligation [under § 1692e(8)] to disputes the furnisher believes to be valid."); *Semper v. JBC Legal Grp.,* No. C04-2240L, 2005 WL 2172377, at *3 (W.D. Wash. Sept. 6,

---

[1] For example, only one line above the cited testimony, the Plaintiff testified that she did not know how much was owed to Austin Radiological Center. Plaintiff's Deposition, Docket # 23-1, p19:9-10 (page numbers original).

2005) (granting summary judgment for plaintiff on § 1692e(8) claim after finding that "…the [FDCPA] does not give debt collectors the authority to determine unilaterally whether a dispute has merit or whether to comply with the requirements of the FDCPA in a given case.").

Communicating information to consumer reporting bureaus, like Experian, is debt collection activity. *See Rivera v. Bank One, 145 F.R.D. 614 (D. P.R. 1993)*. The communication of whether a debt is disputed is by definition material information. Again, like the Fifth Circuit found in *Sayles,* Defendants' § 1692e(8) violation created "a real risk of financial harm caused by an inaccurate credit rating." *Sayles,* No. 16-60640 at *3. In *Wilhelm v. Credico, Inc.,* 519 F.3d 416 (8th Cir. 2008), the Eighth Circuit found that a collection agency may not communicate information to a credit bureau about a debt that is disputed without also informing them of the dispute. *Id*. The Eighth Circuit held that while the debt collector does not have an affirmative duty to update the credit report solely because it is disputed, "if a debt collector elects to communicate 'credit information' about a consumer, **it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt**." *Id*. at 418. (Emphasis added).

In fact, in *Gomez v. Portfolio Recovery Associates, LLC*, 15-cv-4499, (N.D. Ill., June 20, 2016) the court granted summary judgment for the plaintiff on his 1692e(8) claim, stating: "Whether or not a consumer is disputing a debt is no minor matter that could be deemed an immaterial aspect of the debt. Such a false and misleading statement would likely influence a consumers' decision to pay a debt. The fact that a consumer has disagreed with the reported debt is an extremely pertinent piece of information, particularly when that information is being given to a credit reporting agency such as in this case". *Id.* at *4.

Therefore Plaintiff respectfully requests Summary Judgement be granted in her favor.

### C. The Above Violations of the FDCPA are also Violations of the TDCA.

Defendants also violated § 392.202 of the TDCA by ignoring Plaintiff's dispute of her debt and failing to cease collection efforts or commence an investigation into the validity of the debt. Furthermore, by falsely communicating to Experian that the debt was not disputed, they also violated § 392.301(a)(3). Because the TDCA is by design an analogue of the FDCPA, a violation of the latter should be found to violate the former. "The conduct prohibited under the TDCA is coextensive with that prohibited under the FDCPA, at least insofar as '[t]he same actions that are unlawful under the FDCPA are also unlawful under the TDCA." *Gomez v. Niemann & Heyer, LLP*, 2016 WL 3562148, at *6 (W.D. Tex. June 24, 2016) (quoting *Bullock v. Abbott & Ross Credit Servs., LLC*, No. A-09-CV-413, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3, 2009); *accord Cox v. Hilco Receivables, LLC*, 726 F. Supp. 2d 659, 666-67 (N.D. Tex. 2010) ("The FDCPA and the TDCA are very similar."); *Prophet v. Myers*, 645 F. Supp 2d 614, 617 (S.D. Tex. 2008) (comparing the FDCPA's prohibition of false representations or deceptive means to collect a debt and finding that "the conduct made unlawful by [the TDCA] is virtually identical to the conduct made unlawful by the FDCPA").

Defendants also asserts Plaintiff cannot prevail on her TDCA claims because she cannot prove actual injury. <u>DMSJ</u>, ¶20. This is a clear misstatement of the law. Defendants incorrectly apply the ruling in the single case they rely on for this proposition. In, *Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180 (Tex. App.—Austin 1997), the court held that § 392.403 of the TDCA requires a plaintiff to "successfully maintain an action" in order to receive statutory damages and attorney's fees. *Id.* at 183. However, the court explicitly limited their ruling to the facts at issue in that case, which involved a suit based *only* on actual damages: "We reserve the question of whether subsection (c) damages are available to a party who obtains an injunction

under subsection (a), because the facts of this case do not require us to address that issue." *Id.* at 184.

That specific question has, in fact, been addressed – and answered affirmatively. In *Marauder Corp. v. Beall*, 301 S.W.3d 817 (Tex. App. 2009), the court held that "[the] statute allows a plaintiff to recover statutory damages if he obtains injunctive relief **or** actual damages related to one of three statutory violations." *Id.* at 823 (emphasis added). *See also, London v. Gums,* No. CIV.A. H-12-3011, 2014 WL 546914, at *7 (S.D. Tex. Feb. 10, 2014) ("A party that successfully maintains an action for actual damages or for an injunction is entitled to attorneys' fees.") (citing *Marauder*, supra). Because Plaintiff also seeks injunctive or other equitable relief, she can also prevail on her State claims. *See*, Complaint, Docket #1, p7 ("…C. Such other or further relief as the Court deems proper.").

Because there is no genuine issue of material fact that Defendants violated and continue to violate the TDCA, Plaintiff respectfully requests summary judgment be granted in his favor.

### III. CONCLUSION

Under the FDCPA and TDCA, debt collectors are prohibited from making any false or misleading representations, including the communication of credit information that is known or should be known to be false, such as the failure to communicate that a disputed debt is disputed. 15 U.S.C. § 1692e(8). Case law post-*Spokeo,* including binding Fifth Circuit precedent, illustrates that FDCPA plaintiffs alleging such prohibited conduct will have Article III standing. Defendants do not deny that they received notice of Plaintiff's dispute, yet failed to report that information to Experian when it chose to communicate information regarding her account. These are direct and material violations of the FDCPA and TDCA. Moreover, CMI has not commenced an investigation into the dispute as required by the TDCA. Defendants' attempts to escape

8
Plaintiff's Response to Defendants' Motions for Summary Judgment

liability rely for these violations are predicated on misunderstandings or missatatements of the law.

WHEREFORE, Plaintiff, ELISA GUERRERO, respectfully requests that this Court grant her summary judgment on her FDCPA and TDCA claims and deny summary judgment in Defendants' favor on their FDCPA and TDCA claims, as well as any other or further relief the Court deems just and proper.

Respectfully submitted,

By:   /s/ *Celetha Chatman*
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com


Robert Zimmer
TX Bar No. 24098662

707 West 10th Street
Austin, TX 78701
Phone: (512) 434-0306
Fax: (310) 943-6954
zimmerlawTX@gmail.com

# CERTIFICATE OF SERVICE

      I, Celetha Chatman, an attorney, hereby certify that on July 14, 2017, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: July 14, 2017**                                             Respectfully submitted,


By:     /s/ *Celetha Chatman*

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com


Robert Zimmer
TX Bar No. 24098662

707 West 10th Street
Austin, TX  78701
Phone: (512) 434-0306
Fax: (310) 943-6954
zimmerlawTX@gmail.com